# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ERIC LESUEUR,**

    **Petitioner,**

  **v.**                                            Case No. 14-CV-402

**BRIAN FOSTER,**

    **Respondent.**

## RULE 4 ORDER

Petitioner Eric LeSueur, who is currently incarcerated at the Green Bay Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) LeSeuer has paid the statutory $5 filing fee and the Court shall now screen the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During the initial review of habeas petitions, the court generally reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

In his petition, LeSueur states that he was convicted following a jury trial to seven counts of recklessly endangering safety and one count of felon in possession of a firearm in the Milwaukee County Circuit Court. He is serving a sentence of 40-and-a-half years, comprised of 23 years of initial confinement and 17-and-a-half years of extended supervision. He challenges his convictions on one

ground, arguing that his trial counsel was ineffective for failing to obtain discovery—specifically, a recorded statement of a key witness—that would have constituted key impeachment material for that witness.

Upon review of the petition, the Court is satisfied that the ground stated by the petitioner in the petition translates, at least colorably, into a violation of his rights under the United States Constitution. Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). Moreover, it appears from the petition that LeSueur either exhausted his state court remedies or there is no available state corrective process from which he can still seek a remedy. Therefore, the Court concludes that summary dismissal under Rule 4, Rules Governing Habeas Corpus Cases, is not appropriate because it does not plainly appear from "the face of the petition" that the petitioner is not entitled to relief. Consequently, the respondent will be called upon to serve and file an answer, motion, or other response to the petition for a writ of habeas corpus.

**NOW, THEREFORE, IT IS ORDERED** that a copy of LeSueur's petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED THAT** the respondent is directed to serve and file an answer, motion, or other response to the petition, complying with Rule 5 of the Rules Governing Habeas Corpus Cases, within **SIXTY** (60) days of the date of this order.

**IT IS FURTHER ORDERED THAT** unless the respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of the petitioner's claims:

1. The petitioner shall have forty-five (45) days following the filing of the respondent's answer within which to file his brief in support of his petition;

2. The respondent shall have forty-five (45) days following the filing of the petitioner's initial brief within which to file a brief in opposition; and

3. The petitioner shall have thirty (30) days following the filing of the respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows:

4. The petitioner shall have forty-five (45) days following the filing of the respondent's dispositive motion and supporting initial brief within which to file a brief in opposition;

5. The respondent shall have thirty (30) days following the filing of the petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin this 7th day of May, 2014.

BY THE COURT

s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge